IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

      JUN 21 2019

CLERK, U.S. DISTRICT COURT
By_____
              Deputy
```

ERIC C. DARDEN, AS                §
ADMINISTRATOR OF THE ESTATE OF    §
JERMAINE DARDEN,                  §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:15-CV-221-A
                                  §
W.F. SNOW and J. ROMERO,          §
                                  §
          Defendants.             §

                          ORDER

     Attached to this order as Exhibit "A" is a revision of the
verdict form the court attached to the order signed in this
action on June 19, 2019, as Exhibit "A."  The attached
Exhibit "A" replaces in its entirety the Exhibit "A" attached to
the June 19, 2019 order.  All references to "Exhibit 'A'" in the
June 19, 2019 order, except the reference to "Exhibit 'A'" in the
opening paragraph of that order, will be deemed to refer to the
Exhibit "A" attached to this order so that compliance with the
directives contained in the June 19, 2019 order to "Exhibit 'A'"
or "the attached Exhibit 'A'" from this point forward will refer
to the Exhibit "A" attached to this order.

     The questions contained in the Exhibit "A" attached to this
order are the same as the questions that were contained in the
Exhibit "A" attached to the June 19, 2019 order, except the
occasional change in a number within one of the questions to take

into account the changes to the sequence of the questions in the attachment to this order from the way they were in the attachment to the June 19, 2019 order.  The sequence of the first few questions in the June 19, 2019 version has been changed in the version attached to this order so that they will be presented in a more logical sequence.  Because of the change of sequence, and for clarification, the court has reworded most of the conditions between the questions in the new version compared to the June 19 version.

Otherwise, the wording of the two versions is the same.

THE COURT SO ORDERS.

SIGNED June 21, 2019.

_____
JOHN McBRYDE
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ERIC C. DARDEN, AS                §
ADMINISTRATOR OF THE ESTATE OF    §
JERMAINE DARDEN,                  §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:15-CV-221-A
                                  §
W.F. SNOW and J. ROMERO,          §
                                  §
          Defendants.             §

<u>VERDICT OF THE JURY</u>

We, the Jury, return our answers to the following questions as our verdict in this case.

<u>QUESTION NO. 1</u>:

Do you find from a preponderance of the evidence that while participating in the detention of Jermaine Darden defendant W.F. Snow used excessive force?

You are instructed that in answering Question No. 1, you will be guided by the following explanations and instructions:

For you to answer "Yes" to Question No. 1, you must find that the evidence has established each of the following three elements by a preponderance of the evidence:

<u>First Element</u>:

An Injury;

Exhibit "A" to Order
dated June 21, 2019, in
Case No. 4:15-CV-221-A
Consisting of 27 pages

<u>Second Element</u>:

    That such injury resulted directly and only from the use by W.F. Snow of force that was clearly excessive; and

<u>Third Element</u>:

    That the excessiveness of the force used by W.F. Snow was clearly unreasonable.

You are instructed that in deciding whether the Second and Third Elements have been established by a preponderance of the evidence, you are to consider the following additional instructions:

    Officers executing a search warrant for contraband have the authority to detain the occupants of the premises while a proper search is conducted. Such detentions are appropriate because the character of the additional intrusion caused by detention is slight and because the justifications for detention are substantial. The detention of an occupant is less intrusive than the search itself, and the presence of a warrant assures that a neutral magistrate has determined that probable cause exists to search the home. Against this incremental intrusion, there are three legitimate law enforcement interests that provide substantial justification for detaining an occupant: preventing flight in the event that incriminating evidence is found; minimizing the risk of harm to the officers; and facilitating the orderly completion of the search.

    You must carefully balance the nature and quality of the intrusion by W.F. Snow on Jermaine Darden to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to detain Jermaine Darden. Not every push or shove, even if it may later seem unnecessary in hindsight,

2

constitutes excessive force. You must pay careful attention to the facts and circumstances, including the severity of the crime that led to the entry by the officers into the residence on the occasion when the officers attempted to detain Jermaine Darden, whether Jermaine Darden posed an immediate threat to the safety of W.F. Snow or others, whether W.F. Snow reasonably perceived that Jermaine Darden posed an immediate threat to the safety of W.F. Snow or others, whether Jermaine Darden was actively resisting or attempting to evade detention, and whether W.F. Snow reasonably perceived that Jermaine Darden was actively resisting or attempting to evade detention. The drug offense that led to the issuance of the no-knock search warrant was a serious crime.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on the state of mind of W.F. Snow or Jermaine Darden. You must decide whether a reasonable officer on the scene would view W.F. Snow's use of force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

If you find that the force used by W.F. Snow was used by him because Jermaine Darden was actively resisting detention when the force was used, or because W.F. Snow reasonably perceived that Jermaine Darden was actively resisting detention when the force was used; or, if you find that Jermaine Darden did not comply with the commands of W.F. Snow and other officers, or that W.F. Snow reasonably perceived that Jermaine

3

Darden did not comply with the commands of
W.F. Snow and other officers, as W.F. Snow
and the other officers were attempting to
detain him, you must take those facts into
account in determining whether the force W.F.
Snow used was excessive and whether the force
was reasonable.  You also must consider that
when a detainee is not actively resisting
detention, the degree of force an officer can
use is reduced.

ANSWER TO QUESTION NO. 1:

Answer "Yes" or "No":

Yes   _____

No    _____

QUESTION NO. 2:

Do you find from a preponderance of the evidence that while

participating in the detention of Jermaine Darden defendant J.

Romero used excessive force?

You are instructed that in answering Question
No. 2, you will be guided by the following explanations
and instructions:

For you to answer "Yes" to Question No. 2, you
must find that the evidence has established each of the
following three elements by a preponderance of the
evidence:

First Element:

An Injury;

4

<u>Second Element</u>:

That such injury resulted directly and only from the use by J. Romero of force that was clearly excessive; and

<u>Third Element</u>:

That the excessiveness of the force used by J. Romero was clearly unreasonable.

You are instructed that in deciding whether the Second and Third Elements have been established by a preponderance of the evidence, you are to consider the following additional instructions:

Officers executing a search warrant for contraband have the authority to detain the occupants of the premises while a proper search is conducted. Such detentions are appropriate because the character of the additional intrusion caused by detention is slight and because the justifications for detention are substantial. The detention of an occupant is less intrusive than the search itself, and the presence of a warrant assures that a neutral magistrate has determined that probable cause exists to search the home. Against this incremental intrusion, there are three legitimate law enforcement interests that provide substantial justification for detaining an occupant: preventing flight in the event that incriminating evidence is found; minimizing the risk of harm to the officers; and facilitating the orderly completion of the search.

You must carefully balance the nature and quality of the intrusion by J. Romero on Jermaine Darden to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to detain Jermaine Darden. Not every push or shove, even if it may later seem unnecessary in hindsight,

5

constitutes excessive force.  You must pay
careful attention to the facts and
circumstances, including the severity of the
crime that led to the entry by the officers
into the residence on the occasion when the
officers attempted to detain Jermaine Darden,
whether Jermaine Darden posed an immediate
threat to the safety of J. Romero or others,
whether J. Romero reasonably perceived that
Jermaine Darden posed an immediate threat to
the safety of J. Romero or others, whether
Jermaine Darden was actively resisting or
attempting to evade detention, and whether
J. Romero reasonably perceived that Jermaine
Darden was actively resisting or attempting
to evade detention.  The drug offense that
led to the issuance of the no-knock search
warrant was a serious crime.

     Finally, the reasonableness of a
particular use of force is based on what a
reasonable officer would do under the
circumstances and not on the state of mind of
J. Romero or Jermaine Darden.  You must
decide whether a reasonable officer on the
scene would view J. Romero's use of force as
reasonable, without the benefit of 20/20
hindsight.  This inquiry must take into
account the fact that police officers are
sometimes forced to make split-second
judgments--in circumstances that are tense,
uncertain, and rapidly evolving--about the
amount of force that is necessary in a
particular situation.

     If you find that the force used by
J. Romero was used by him because Jermaine
Darden was actively resisting detention when
the force was used, or because J. Romero
reasonably perceived that Jermaine Darden was
actively resisting detention when the force
was used; or, if you find that Jermaine
Darden did not comply with the commands of J.
Romero and other officers, or that J. Romero
reasonably perceived that Jermaine Darden did

not comply with the commands of J. Romero and other officers, as J. Romero and the other officers were attempting to detain him, you must take those facts into account in determining whether the force J. Romero used was excessive and whether the force was reasonable.  You also must consider that when a detainee is not actively resisting detention, the degree of force an officer can use is reduced.

ANSWER TO QUESTION NO. 2:

Answer "Yes" or "No":

Yes  _____

No  _____


CONDITION TO QUESTION NO. 3:

If you have answered both Question Nos. 1 and 2 and your answer to each is "No," do not answer any further questions in this verdict form; however, if you answered Question No. 1 "Yes," then answer Question No. 3.

QUESTION NO. 3:

Do you find from a preponderance of the evidence that no reasonable police officer would have believed that the force you have found by your "Yes" answer to Question No. 1 was excessive or unreasonable under the circumstances facing W.F. Snow at the time?

ANSWER TO QUESTION NO. 3:

    Answer "Yes" or "No":

    Yes   _____

    No   _____


CONDITION TO QUESTION NO. 4:

If you have answered Question No. 2 "Yes," then answer Question No. 4.

QUESTION NO. 4:

Do you find from a preponderance of the evidence that no reasonable police officer would have believed that the force you have found by your "Yes" answer to Question No. 2 was excessive or unreasonable under the circumstances facing J. Romero at the time?

ANSWER TO QUESTION NO. 4:

    Answer "Yes" or "No":

    Yes   _____

    No   _____


CONDITION TO QUESTION NO. 5:

If you have answered both Question Nos. 3 and 4 and your answer to each is "No," do not answer any further questions in this verdict form.  If you answered "Yes" to Question No. 3,

8

answer Question No. 5.  If you answered "Yes" to Question No. 4, then go to and answer Question No. 6.

QUESTION NO. 5:

Do you find from a preponderance of the evidence that such force used by W.F. Snow was the direct and only cause of the death of Jermaine Darden?

> You are instructed that in answering Question No. 5, you will be guided by the following explanations and instructions:
>
> The fact that preexisting medical conditions suffered by Jermaine Darden increased his risk of death during the events related to his detention, or that those medical conditions contributed to cause his death, does not prevent excessive force used by W.F. Snow from being the direct and only cause of his death, so long as you find from a preponderance of the evidence that his death would not have occurred had W.F. Snow not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

> ANSWER TO QUESTION NO. 5:
>
> Answer "Yes" or "No":
>
> Yes _____
>
> No _____

QUESTION NO. 6:

Do you find from a preponderance of the evidence that such force used by J. Romero was the direct and only cause of the death of Jermaine Darden?

You are instructed that in answering Question No. 6, you will be guided by the following explanations and instructions:

The fact that preexisting medical conditions suffered by Jermaine Darden increased his risk of death during the events related to his detention, or that those medical conditions contributed to cause his death, does not prevent excessive force used by J. Romero from being the direct and only cause of his death, so long as you find from a preponderance of the evidence that his death would not have occurred had J. Romero not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 6:

Answer "Yes" or "No":

Yes   _____

No    _____


CONDITION TO QUESTION NOS. 7-11:

If you have answered both Question Nos. 5 and 6 and your answer to each is "No," you will not answer Questions Nos. 7 through 11, but you will go to and answer Question No. 12.

10

QUESTION NO. 7:

Do you find from a preponderance of the evidence that one or more of the persons named below suffered damages by reason of the death of Jermaine Darden?

Harriet Darden

Daylin Darden

Dashawn Darden

Donneika Darden

You are instructed that in answering Question No. 7, you will be guided by the following explanations and instructions:

The word "damages," as used in Question No. 7, includes, and is limited to, the following elements. You will consider none other in answering the question.

1.   "Pecuniary Loss," which means the past or future loss of care, maintenance, support, service, advice, counsel, and reasonable contributions of pecuniary value, excluding any possible loss of inheritance, that the person that you are considering, in reasonable probability, would have received in the past, or would receive in the future, from Jermaine Darden had Jermaine Darden not died when he did.

2.   "Loss of Companionship and Society," which means the past or future loss of the positive benefits flowing from the love, comfort, companionship, and society that the person that you are considering, in reasonable probability, would have received in the past, or would receive in the future, from Jermaine Darden had Jermaine Darden not died when he did.

11

3.   "Mental Anguish," means the past or future emotional pain, torment, and suffering that the person that you are considering suffered in the past, or will suffer in the future, because of the death of Jermaine Darden.

ANSWER TO QUESTION NO. 7:

Answer "Yes" or "No" as to each such person as you find from a preponderance of the evidence:

Harriet Darden        Yes _____ or  No _____

Daylin Darden         Yes _____ or  No _____

Dashawn Darden        Yes _____ or  No _____

Donneika Darden       Yes _____ or  No _____

CONDITION TO QUESTION NOS. 8-11:

If you have not answered "Yes" as to any person named in Question No. 7, you need not answer any of the Question Nos. 8-11, but, instead, you will go to and answer Question No. 12. Otherwise, you will answer the question or questions in Question Nos. 8-11 that match up to the person or persons as to whom you answered "Yes" in Question No. 7.

Explanations Pertinent to Question Nos. 8-11:

The next series of questions, Question Nos. 8-11, requires that you find from a preponderance of the evidence the amount of damage, if any, each of the persons named in Question No. 7 as to

12

whom you have answer "Yes" has suffered as to each of the elements of damage mentioned in that question.

You are instructed that any monetary recovery by any of those persons for pecuniary loss is subject to federal income taxes, and that any recovery by any of those persons for loss of society or companionship or mental anguish is not subject to federal income taxes.

CONDITION TO QUESTION NO. 8:

If you have answered "Yes" to Question No. 7 as to Harriet Darden, answer Question No. 8; otherwise, do not answer Question No. 8, but go to and answer Question No. 9.

QUESTION NO. 8:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably compensate Harriet Darden for her damages, if any, resulting from the death of Jermaine Darden?

You will be guided by the following explanations and instructions in answering Question No. 8:

In determining the damages, if any, of Harriet Darden, you may consider the health and life expectancy of Jermaine Darden, the relationship between Jermaine Darden and Harriet Darden, their living arrangements, Jermaine Darden's occupation and earnings history, any extended absences from one another, the harmony of their family relations, and their common interests and activities, if any.

13

Consider the elements of damage listed below, and none other.  Those elements of damage are defined in the instructions and explanations in Question No. 7. Consider each element separately.  Do not award any sum of money on any element if you have otherwise, under some other element, awarded the sum of money for the same loss, that is, do not compensate twice for the same loss, if any.  Do not include interest on any amount of damages you find.

ANSWER TO QUESTION NO. 8:

Answer separately as to each element of damages, in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

     1.   Pecuniary Loss, if any, in the past and future:  $_____.

     2.   Loss of Companionship and Society, if any, in the past and future:  $_____.

     3.   Mental Anguish, if any, in the past and future:  $_____.


CONDITION TO QUESTION NO. 9:

If you have answered "Yes" to Question No. 7 as to Daylin Darden, answer Question No. 9; otherwise, do not answer Question No. 9, but go to and answer Question No. 10.

QUESTION NO. 9:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably

14

compensate Daylin Darden for his damages, if any, resulting from the death of Jermaine Darden?

You will be guided by the following explanations and instructions in answering Question No. 9:

In determining the damages, if any, of Daylin Darden, you may consider the health and life expectancy of Jermaine Darden, the relationship between Jermaine Darden and Daylin Darden, their living arrangements, Jermaine Darden's occupation and earnings history, any extended absences from one another, the harmony of their family relations, and their common interests and activities, if any.

Consider the elements of damage listed below, and none other. Those elements of damage are defined in the instructions and explanations in Question No. 7. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded the sum of money for the same loss, that is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

ANSWER TO QUESTION NO. 9:

Answer separately as to each element of damages, in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

1.   Pecuniary Loss, if any, in the past and future:  $_____ .

2.   Loss of Companionship and Society, if any, in the past and future:  $_____ .

3.   Mental Anguish, if any, in the past and future:  $_____ .

15

<u>CONDITION TO QUESTION NO. 10</u>:

If you have answered "Yes" to Question No. 7 as to Dashawn Darden, answer Question No. 10; otherwise, do not answer Question No. 10, but go to and answer Question No. 11.

<u>QUESTION NO. 10</u>:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably compensate Dashawn Darden for his damages, if any, resulting from the death of Jermaine Darden?

You will be guided by the following explanations and instructions in answering Question No. 10:

In determining the damages, if any, of Dashawn Darden, you may consider the health and life expectancy of Jermaine Darden, the relationship between Jermaine Darden and Dashawn Darden, their living arrangements, Jermaine Darden's occupation and earnings history, any extended absences from one another, the harmony of their family relations, and their common interests and activities, if any.

Consider the elements of damage listed below, and none other. Those elements of damage are defined in the instructions and explanations in Question No. 7. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded the sum of money for the same loss, that is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

16

ANSWER TO QUESTION NO. 10:

Answer separately as to each element of damages, in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

1.   Pecuniary Loss, if any, in the past and future:   $_____.

2.   Loss of Companionship and Society, if any, in the past and future:   $_____.

3.   Mental Anguish, if any, in the past and future:   $_____.


CONDITION TO QUESTION NO. 11:

If you have answered "Yes" to Question No. 7 as to Donneika Darden, answer Question No. 11; otherwise, do not answer Question No. 11, but go to and answer Question No. 12.

QUESTION NO. 11:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably compensate Donneika Darden for her damages, if any, resulting from the death of Jermaine Darden?

You will be guided by the following explanations and instructions in answering Question No. 11:

In determining the damages, if any, of Donneika Darden, you may consider the health and life expectancy

17

of Jermaine Darden, the relationship between Jermaine
Darden and Donneika Darden, their living arrangements,
Jermaine Darden's occupation and earnings history, any
extended absences from one another, the harmony of
their family relations, and their common interests and
activities, if any.

Consider the elements of damage listed below, and
none other.  Those elements of damage are defined in
the instructions and explanations in Question No. 7.
Consider each element separately.  Do not award any sum
of money on any element if you have otherwise, under
some other element, awarded the sum of money for the
same loss, that is, do not compensate twice for the
same loss, if any.  Do not include interest on any
amount of damages you find.

ANSWER TO QUESTION NO. 11:

Answer separately as to each element of damages, in dollars

and cents, if any, or "None," as you find from a preponderance of

the evidence.

1.    Pecuniary Loss, if any, in the past and

future:  $_____.

2.    Loss of Companionship and Society, if any, in

the past and future:  $_____.

3.    Mental Anguish, if any, in the past and

future:  $_____.


QUESTION NO. 12:

Do you find from a preponderance of the evidence that

Jermaine Darden experienced pain and mental anguish before his

18

death as a direct result of the force, if any, used by W.F. Snow while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 1, or the force used by J. Romero while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 2?

You are instructed that in answering Question No. 12, you will be guided by the following explanations and instructions:

The fact that preexisting medical conditions suffered by Jermaine Darden contributed to cause him to experience pain and mental anguish before his death did not prevent the excessive force, if any, used by W.F. Snow or J. Romero from being the direct cause of such pain and mental anguish, if any, he suffered prior to his death, so long as you find from a preponderance of the evidence that such pain and mental anguish would not have occurred had W.F. Snow or J. Romero not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 12:

Answer "Yes" or "No" separately as to each W.F. Snow and J. Romero, as you find from a preponderance of the evidence:

W.F. Snow        Yes _____ or No _____

J. Romero        Yes _____ or No _____

CONDITION TO QUESTION NO. 13:

If you have answered "Yes" to Question No. 12 as to W.F. Snow, answer Question No. 13; otherwise, do not answer Question No. 13, but go to and answer Question No. 14.

QUESTION NO. 13:

Find from a preponderance of the evidence what sum of money, if any, now paid in cash, would fairly and reasonably compensate the estate of Jermaine Darden for damages Jermaine Darden suffered prior to his death by reason of pain and mental anguish directly caused by excessive force you have found in your answer to Question No. 1 that W.F. Snow used as he was participating in the detention of Jermaine Darden.

You are instructed that in answering Question No. 13, you will be guided by the following explanations and instructions:

You will include in your answer to Question No. 13 only an amount you find from a preponderance of the evidence Jermaine Darden suffered as damages by reason of pain and mental anguish directly caused by excessiveness of the force you have found in your answer to Question No. 1 that W.F. Snow used as he was participating in the detention of Jermaine Darden. You will not include in your answer to Question No. 13 any amount for damages Jermaine Darden suffered prior to his death by reason of pain and mental anguish caused by any other police officer as Jermaine Darden was being detained.

The fact that preexisting medical conditions suffered by Jermaine Darden contributed to cause him to experience pain and mental anguish before his death did not prevent the force used by W.F. Snow from being a

20

direct cause of such pain and mental anguish, if any,
he suffered prior to his death, so long as you find
from a preponderance of the evidence that such pain and
mental anguish would not have occurred had W.F. Snow
not used the excessive force, if any, he used as he was
participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 13:

Answer in dollars and cents, if any, or "None," as you find

from a preponderance of the evidence.

Pain and Mental Anguish, if any: $_____.


CONDITION TO QUESTION NO. 14:

If you have answered "Yes" to Question No. 12 as to

J. Romero, answer Question No. 14; otherwise, do not answer

Question No. 14, but go to and answer Question No. 15.

QUESTION NO. 14:

Find from a preponderance of the evidence what sum of money,

if any, now paid in cash, would fairly and reasonably compensate

the estate of Jermaine Darden for damages Jermaine Darden

suffered prior to his death by reason of pain and mental anguish

directly caused by excessive force you have found in your answer

to Question No. 2 that J. Romero used as he was participating in

the detention of Jermaine Darden.

21

You are instructed that in answering Question No. 14, you will be guided by the following explanations and instructions:

You will include in your answer to Question No. 14 only an amount you find from a preponderance of the evidence Jermaine Darden suffered as damages by reason of pain and mental anguish directly caused by excessiveness of the force you have found in your answer to Question No. 2 that J. Romero used as he was participating in the detention of Jermaine Darden. You will not include in your answer to Question No. 14 any amount for damages Jermaine Darden suffered prior to his death by reason of pain and mental anguish caused by the conduct of any other police officer as Jermaine Darden was being detained.

The fact that preexisting medical conditions suffered by Jermaine Darden contributed to cause him to experience pain and mental anguish before his death did not prevent the force used by J. Romero from being the direct cause of such pain and mental anguish, if any, he suffered prior to his death, so long as you find from a preponderance of the evidence that such pain and mental anguish would not have occurred had J. Romero not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 14:

Answer in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

Pain and Mental Anguish, if any: $_____.

22

<u>CONDITION TO QUESTION NO. 15</u>:

If you have answered "Yes" to Question No. 12 as to W.F. Snow, answer Question No. 15; otherwise, do not answer Question No. 15, but go to and answer Question No. 17.

<u>QUESTION NO. 15</u>:

Do you find by clear and convincing evidence that punitive damages should be awarded against W.F. Snow because of the harm Jermaine Darden suffered as he was being detained?

> You are instructed that in answering Question No. 15, you will be guided by the following explanations and instructions:

> "Clear and Convincing Evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

> The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Punitive damages should be awarded only if a defendant's misconduct is so reprehensible as to warrant the imposition of extra sanctions against a defendant to achieve punishment or deterrence.

<u>ANSWER TO QUESTION NO. 15</u>:

Answer "Yes" or "No":

Yes   _____

No   _____

<u>CONDITION TO QUESTION NO. 16</u>:

If you have answered Question No. 15 "Yes," then answer

Question No. 16; otherwise, go to and answer Question No. 17.

<u>QUESTION NO. 16</u>:

What sum of money, if any, should be assessed against

W.F. Snow and awarded to plaintiff as punitive damages for the

death of Jermaine Darden?

You are instructed that in answering Question
No. 16, you will be guided by the following
explanations and instructions:

You will take into account, and be guided by, the
same explanations and instructions that are given you
in the last paragraph of the explanations and
instructions contained in the foregoing Question
No. 15.

Factors to consider in awarding punitive damages,
if any, are –

1.   The nature of the wrong, if any.

2.   The character of the conduct involved.

3.   The degree of culpability of W.F. Snow.

4.   The situation and sensibilities of the
parties concerned.

24

     5.    The extent to which such conduct of W.F. Snow offends a public sense of justice and propriety.

     6.    The net worth of W.F. Snow.

<u>ANSWER TO QUESTION NO. 16</u>:

Answer in dollars and cents, if any, or "None."

     Punitive Damages, if any:  $_____.

<u>CONDITION TO QUESTION NO. 17</u>:

If you have answered Question No. 12 "Yes" as to J. Romero, then go to and answer Question No. 17; otherwise, you will not answer any further questions.

<u>QUESTION NO. 17</u>:

Do you find by clear and convincing evidence that punitive damages should be awarded against J. Romero because of the harm Jermaine Darden suffered as he was being detained?

     You are instructed that in answering Question No. 17, you will be guided by the following explanations and instructions:

     "Clear and Convincing Evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

     The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to

award punitive damages.  If you do decide to award
punitive damages, you must use sound reason in setting
the amount.  Punitive damages should be awarded only if
a defendant's misconduct is so reprehensible as to
warrant the imposition of extra sanctions against a
defendant to achieve punishment or deterrence.

ANSWER TO QUESTION NO. 17:

Answer "Yes" or "No":

Yes  _____

No   _____

CONDITION TO QUESTION NO. 18:

If you have answered Question No. 17 "Yes," then go to and

answer Question No. 18; otherwise, there are no more questions

for you to answer.

QUESTION NO. 18:

What sum of money, if any, should be assessed against

J. Romero and awarded to plaintiff as punitive damages for the

death of Jermaine Darden?

You are instructed that in answering Question
No. 18, you will be guided by the following
explanations and instructions:

You will take into account, and be guided by, the
same explanations and instructions that are given you
in the last paragraph of the explanations and
instructions contained in the foregoing Question
No. 17.

26

Factors to consider in awarding punitive damages, if any, are -

1.   The nature of the wrong, if any.

2.   The character of the conduct involved.

3.   The degree of culpability of J. Romero.

4.   The situation and sensibilities of the parties concerned.

5.   The extent to which such conduct of J. Romero offends a public sense of justice and propriety.

6.   The net worth of J. Romero.

ANSWER TO QUESTION NO. 18:

Answer in dollars and cents, if any, or "None."

Punitive Damages, if any:   $_____.

_____
      Date

_____
Foreperson

ACCEPTED:

_____
      Date

_____
JOHN McBRYDE
United States District Judge

27