

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC C. DARDEN, AS ADMINISTRATOR OF THE ESTATE OF JERMAINE DARDEN, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:15-CV-221-A |
| W.F. SNOW and J. ROMERO, | § § | |
| Defendants. | § § | |

CHARGE OF THE COURT TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the evidence in the case.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts,

to base a verdict upon anything but the evidence, or lack of evidence, in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

At the outset, I am sure you understand by this time that all parties to this litigation must be treated exactly alike insofar as their rights are concerned. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.

Do not let bias, prejudice, sympathy, resentment, or any such emotion play any part in your deliberations, and do not speculate on matters not shown by the evidence. Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence, or lack of evidence, in the case. You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case is submitted to you on questions in a "Verdict of the Jury" form. You will answer all but two of the questions

2

from a preponderance of the evidence submitted to you under the rulings of the Court, answering the questions by unanimous consent of the jury through your foreperson, who will write your unanimous answers in the space provided therefor following each question. Two of the questions contained in the verdict form require you to base your answers on clear and convincing evidence. The answers to those questions must be unanimous answers, you will place your answers in the space provided therefor following each of those questions, but you will base your answers on clear and convincing evidence rather than a preponderance of the evidence as to those to questions. Clear and convincing evidence is defined as follows:

> "Clear and Convincing Evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

It is necessary that the jury be advised of, and understand, certain legal terms which play such a large part in the determination of this sort of litigation, so at the outset, I will give you some definitions and explanations. Additional definitions and explanations will be provided to you in the verdict form.

Case 4:15-cv-00221-A   Document 263   Filed 02/11/20   Page 4 of 12   PageID 3404

Unless otherwise instructed, you will answer the questions in the verdict form with a "Yes" or "No." Except as to the two questions that require answers based on clear and convincing evidence, a "Yes" or "No" answer must be based on a preponderance of the evidence and must be the unanimous answer of the jury. When a question requires other than a "Yes" or "No" answer, appropriate instructions will be supplied, and your answer, in any event, must be based on a preponderance of the evidence and be the unanimous answer of the jury. If the question does not require a "Yes" or "No" answer but directs you to make a finding "from a preponderance of the evidence," your answer to such a question will be what you find the answer to be based on a preponderance of the evidence and must be the unanimous answer of the jury.

By the term "preponderance of the evidence," is meant the greater weight or degree of credible evidence in the case. To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not. It does not necessarily mean the greater volume of evidence or the greater

4

number of witnesses, but it means that when you sift from all the evidence of this case the evidence that you consider credible or worthy of belief, you take the evidence on each side and the side that has greater weight, or that tips the scale, is the one that preponderates. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. So, the preponderance of the evidence merely means the greater weight or degree of the credible evidence.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case and

5

the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such credibility, if any, as you may think it deserves.

In the final analysis, it is the responsibility of the jury to make its own independent decision as to ultimate facts in this case and to reach that opinion based on all of the evidence, regardless of the source from which it came.

There are two types of evidence that may be introduced as to the facts of a case. One is direct evidence, such as the testimony of an eyewitness; the other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. A

6

fact is established by circumstantial evidence when the fact sought to be established may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a theory, conclusion or hypothesis by circumstantial evidence, the proved facts and circumstances must be such as to make that theory, conclusion or hypothesis more probable, not merely possible, than any other theory, conclusion, or hypothesis based upon those facts and circumstances. In other words, the fact to be proved is established as an inference from proven circumstances. A fact is established by circumstantial evidence only if its existence is more probable than any other fact that can be reasonably inferred from all of such evidence.

As a general rule, the law makes no distinction between direct and circumstantial evidence but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case or clear and convincing evidence, both direct and circumstantial. In other words, the finding of a fact cannot be based on mere surmise or speculation.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. Your job is to think

7

about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.

Where there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Certain evidence has been presented to you through a summary of deposition testimony. A deposition is the sworn, recorded answers to questions a witness was asked under oath in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented in the form of a summary of pertinent parts of the witness's deposition. This deposition testimony, as summarized, is entitled to the same consideration and weighed and otherwise considered by you in the same way as if the witness has been present and had testified from the witness stand in court.

During the trial you heard the opinion testimony of persons who were presented as experts. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

8

training, or education, may testify and state an opinion concerning such matters. Merely because an expert witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe this testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background or training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

When words are used in the questions in the verdict form in a sense which varies from the meaning commonly understood, you will be given either in this charge or in the verdict form a proper legal definition which you are bound to accept in place of any other definition or meaning. You will be guided by the instructions contained in the verdict form the same as you are to be guided by the instructions I am now giving you.

You are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given their testimony; but you are bound to receive the law from the Court as stated herein and be governed accordingly.

To reach a verdict, all of you must agree. Your verdict must be unanimous on each question you answer. Your

deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone

10

about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

Now, bearing in mind the foregoing instructions, as well as any further directions later given by me orally or in writing, you will return herein answers to the questions in the verdict form, or to such of them as may be necessary, according to specific explanations in connection with said questions.

After you retire to the jury room, you will select your foreperson.

It is the duty of the foreperson --

1. to preside during your deliberations,

11

2. to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge,

3. to write out and hand to the court security officer any communications concerning the case that you desire to have delivered to the judge,

4. to conduct a vote on the questions,

5. to write your answers to the questions in the spaces provided, and

6. to certify to your verdict in the space provided for the foreperson's signature.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any question, until after you have reached a unanimous verdict.

SIGNED ___Feb. 11___, 2020.

_____
JOHN McBRYDE
United States District Judge