IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED

     FEB 1 2 2020

CLERK, U.S. DISTRICT COURT
By_____
              Deputy
```

ERIC C. DARDEN, AS                §
ADMINISTRATOR OF THE ESTATE OF    §
JERMAINE DARDEN,                  §
                                  §
        Plaintiff,                §
                                  §
VS.                               §   NO. 4:15-CV-221-A
                                  §
W.F. SNOW and J. ROMERO,          §
                                  §
        Defendants.               §

<u>VERDICT OF THE JURY</u>

We, the Jury, return our answers to the following questions as our verdict in this case.

<u>QUESTION NO. 1</u>:

Do you find from a preponderance of the evidence that while participating in the detention of Jermaine Darden defendant W.F. Snow used excessive force?

You are instructed that in answering Question No. 1, you will be guided by the following explanations and instructions:

For you to answer "Yes" to Question No. 1, you must find that each of the following three elements has been established by a preponderance of the evidence:

<u>First Element</u>:

An Injury;

Second Element:

That such injury resulted directly and
only from the use by W.F. Snow of force that
was clearly excessive; and

Third Element:

That the excessiveness of the force used
by W.F. Snow was clearly unreasonable.

You are instructed that in deciding whether the
Second and Third Elements have been established by a
preponderance of the evidence, you are to consider the
following additional instructions:

Officers executing a search warrant for
contraband have the authority to detain the
occupants of the premises while a proper
search is conducted.  Such detentions are
appropriate because the character of the
additional intrusion caused by detention is
slight and because the justifications for
detention are substantial.  The detention of
an occupant is less intrusive than the search
itself, and the presence of a warrant assures
that a neutral magistrate has determined that
probable cause exists to search the home.
Against this incremental intrusion, there are
three legitimate law enforcement interests
that provide substantial justification for
detaining an occupant:  preventing flight in
the event that incriminating evidence is
found; minimizing the risk of harm to the
officers; and facilitating the orderly
completion of the search.

You must carefully balance the nature
and quality of the intrusion by W.F. Snow on
Jermaine Darden to be protected from
excessive force against the government's
right to use some degree of physical coercion
or threat of coercion to detain Jermaine
Darden.  Not every push or shove, even if it
may later seem unnecessary in hindsight,

2

constitutes excessive force.  You must pay
careful attention to the facts and
circumstances, including the severity of the
crime that led to the entry by the officers
into the residence on the occasion when the
officers attempted to detain Jermaine Darden,
whether Jermaine Darden posed an immediate
threat to the safety of W.F. Snow or others,
whether W.F. Snow reasonably perceived that
Jermaine Darden posed an immediate threat to
the safety of W.F. Snow or others, whether
Jermaine Darden was actively resisting or
attempting to evade detention, and whether
W.F. Snow reasonably perceived that Jermaine
Darden was actively resisting or attempting
to evade detention.  The drug offense that
led to the issuance of the no-knock search
warrant was a serious crime.

Finally, the reasonableness of a
particular use of force is based on what a
reasonable officer would do under the
circumstances and not on the state of mind of
W.F. Snow or Jermaine Darden.  You must
decide whether a reasonable officer on the
scene would view W.F. Snow's use of force as
reasonable, without the benefit of 20/20
hindsight.  This inquiry must take into
account the fact that police officers are
sometimes forced to make split-second
judgments--in circumstances that are tense,
uncertain, and rapidly evolving--about the
amount of force that is necessary in a
particular situation.

If you find that the force used by
W.F. Snow was used by him because Jermaine
Darden was actively resisting detention when
the force was used, or because W.F. Snow
reasonably perceived that Jermaine Darden was
actively resisting detention when the force
was used; or, if you find that Jermaine
Darden did not comply with the commands of
W.F. Snow and other officers, or that
W.F. Snow reasonably perceived that Jermaine

3

Darden did not comply with the commands of
W.F. Snow and other officers, as W.F. Snow
and the other officers were attempting to
detain him, you must take those facts into
account in determining whether the force
W.F. Snow used was excessive and whether the
force was reasonable.  You also must consider
that when a detainee is not actively
resisting detention, the degree of force an
officer can use is reduced.

What would ordinarily be considered
reasonable force does not become excessive force
when the force aggravates (however severely) a
preexisting condition, the existence and extent of
which would have been unknown to a reasonable
police officer, situated as W.F. Snow was at the
time.

ANSWER TO QUESTION NO. 1:

Answer "Yes" or "No":

Yes _____

No   X

QUESTION NO. 2:

Do you find from a preponderance of the evidence that while

participating in the detention of Jermaine Darden defendant

J. Romero used excessive force?

You are instructed that in answering Question
No. 2, you will be guided by the following explanations
and instructions:

For you to answer "Yes" to Question No. 2, you
must find that each of the following three elements has
been established by a preponderance of the evidence:

4

<u>First Element</u>:

An Injury;

<u>Second Element</u>:

That such injury resulted directly and only from the use by J. Romero of force that was clearly excessive; and

<u>Third Element</u>:

That the excessiveness of the force used by J. Romero was clearly unreasonable.

You are instructed that in deciding whether the Second and Third Elements have been established by a preponderance of the evidence, you are to consider the following additional instructions:

Officers executing a search warrant for contraband have the authority to detain the occupants of the premises while a proper search is conducted. Such detentions are appropriate because the character of the additional intrusion caused by detention is slight and because the justifications for detention are substantial. The detention of an occupant is less intrusive than the search itself, and the presence of a warrant assures that a neutral magistrate has determined that probable cause exists to search the home. Against this incremental intrusion, there are three legitimate law enforcement interests that provide substantial justification for detaining an occupant: preventing flight in the event that incriminating evidence is found; minimizing the risk of harm to the officers; and facilitating the orderly completion of the search.

You must carefully balance the nature and quality of the intrusion by J. Romero on Jermaine Darden to be protected from excessive force against the government's

right to use some degree of physical coercion
or threat of coercion to detain Jermaine
Darden.  Not every push or shove, even if it
may later seem unnecessary in hindsight,
constitutes excessive force.  You must pay
careful attention to the facts and
circumstances, including the severity of the
crime that led to the entry by the officers
into the residence on the occasion when the
officers attempted to detain Jermaine Darden,
whether Jermaine Darden posed an immediate
threat to the safety of J. Romero or others,
whether J. Romero reasonably perceived that
Jermaine Darden posed an immediate threat to
the safety of J. Romero or others, whether
Jermaine Darden was actively resisting or
attempting to evade detention, and whether
J. Romero reasonably perceived that Jermaine
Darden was actively resisting or attempting
to evade detention.  The drug offense that
led to the issuance of the no-knock search
warrant was a serious crime.

Finally, the reasonableness of a
particular use of force is based on what a
reasonable officer would do under the
circumstances and not on the state of mind of
J. Romero or Jermaine Darden.  You must
decide whether a reasonable officer on the
scene would view J. Romero's use of force as
reasonable, without the benefit of 20/20
hindsight.  This inquiry must take into
account the fact that police officers are
sometimes forced to make split-second
judgments--in circumstances that are tense,
uncertain, and rapidly evolving--about the
amount of force that is necessary in a
particular situation.

If you find that the force used by
J. Romero was used by him because Jermaine
Darden was actively resisting detention when
the force was used, or because J. Romero
reasonably perceived that Jermaine Darden was
actively resisting detention when the force

6

was used; or, if you find that Jermaine
Darden did not comply with the commands of
J. Romero and other officers, or that
J. Romero reasonably perceived that Jermaine
Darden did not comply with the commands of
J. Romero and other officers, as J. Romero
and the other officers were attempting to
detain him, you must take those facts into
account in determining whether the force
J. Romero used was excessive and whether the
force was reasonable.  You also must consider
that when a detainee is not actively
resisting detention, the degree of force an
officer can use is reduced.

What would ordinarily be considered
reasonable force does not become excessive force
when the force aggravates (however severely) a
preexisting condition, the existence and extent of
which would have been unknown to a reasonable
police officer, situated as J. Romero was at the
time.

ANSWER TO QUESTION NO. 2:

Answer "Yes" or "No":

Yes _____

No   X

CONDITION TO QUESTION NO. 3:

If you have answered both Question Nos. 1 and 2 and your

answer to each is "No," do not answer any further questions in

this verdict form; however, if you answered Question No. 1 "Yes,"

then answer Question No. 3.

7

QUESTION NO. 3:

Do you find from a preponderance of the evidence that no reasonable police officer could have believed that the force you have found by your "Yes" answer to Question No. 1 was lawful or reasonable under the circumstances facing W.F. Snow at the time?

ANSWER TO QUESTION NO. 3:

Answer "Yes" or "No":

Yes _____

No _____

CONDITION TO QUESTION NO. 4:

If you have answered Question No. 2 "Yes," then answer Question No. 4.

QUESTION NO. 4:

Do you find from a preponderance of the evidence that no reasonable police officer could have believed that the force you have found by your "Yes" answer to Question No. 2 was lawful or reasonable under the circumstances facing J. Romero at the time?

ANSWER TO QUESTION NO. 4:

    Answer "Yes" or "No":

    Yes   \_\_\_\_\_

    No    \_\_\_\_\_

CONDITION TO QUESTION NO. 5:

If you have answered both Question Nos. 3 and 4 and your answer to each is "No," do not answer any further questions in this verdict form.  If you answered "Yes" to Question No. 3, answer Question Nos. 5 and 5(a).  If you answered "Yes" to Question No. 4, then answer Question Nos. 6 and 6(a).

QUESTION NO. 5:

Do you find from a preponderance of the evidence that such force used by W.F. Snow was the direct and only cause of the death of Jermaine Darden?

> You are instructed that in answering Question No. 5, you will be guided by the following explanations and instructions:

> The fact that preexisting conditions suffered by Jermaine Darden increased his risk of death during the events related to his detention, or that those conditions contributed to cause his death, does not prevent excessive force used by W.F. Snow from being the direct and only cause of his death, so long as you find from a preponderance of the evidence (1) that a reasonable police officer situated as W.F. Snow was at the time would have known of the existence and extent of those conditions, and (2) that Jermaine Darden's death would not have occurred had W.F. Snow not used

the excessive force, if any, he used as he was
participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 5:

    Answer "Yes" or "No":

    Yes   _____

    No   _____

QUESTION NO. 5(a):

Do you find from a preponderance of the evidence that
W.F. Snow knew or should have known of the existence and extent
of Jermaine Darden's preexisting conditions?

ANSWER TO QUESTION NO. 5(a):

    Answer "Yes" or "No":

    Yes   _____

    No   _____

QUESTION NO. 6:

Do you find from a preponderance of the evidence that such
force used by J. Romero was the direct and only cause of the
death of Jermaine Darden?

    You are instructed that in answering Question
No. 6, you will be guided by the following explanations
and instructions:

10

The fact that preexisting conditions suffered by Jermaine Darden increased his risk of death during the events related to his detention, or that those conditions contributed to cause his death, does not prevent excessive force used by J. Romero from being the direct and only cause of his death, so long as you find from a preponderance of the evidence (1) that a reasonable police officer situated as J. Romero was at the time would have known of the existence and extent of those conditions, and (2) that Jermaine Darden's death would not have occurred had J. Romero not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 6:

Answer "Yes" or "No":

Yes _____

No _____


QUESTION NO. 6(a):

Do you find from a preponderance of the evidence that J. Romero knew or should have known of the existence and extent of Jermaine Darden's preexisting conditions?

ANSWER TO QUESTION NO. 6(a):

Answer "Yes" or "No":

Yes _____

No _____

11

CONDITION TO QUESTION NOS. 7-12:

If you have answered both Question Nos. 5 and 6 and your answer to each is "No," you will not answer Questions Nos. 7 through 12, but you will go to and answer Question Nos. 13 and 14.

QUESTION NO. 7:

Find from a preponderance of the evidence what sum of money, if any, now paid in cash, would fairly and reasonably compensate the Estate of Jermaine Darden for the reasonable amount of expenses for the funeral and burial of Jermaine Darden in a manner reasonably suitable to his station in life.

ANSWER TO QUESTION NO. 7:

Answer in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

Funeral and Burial Expenses, if any:     $_____

QUESTION NO. 8:

Do you find from a preponderance of the evidence that one or more of the persons named below suffered damages by reason of the death of Jermaine Darden?

Harriet Darden

Daylin Darden

Dashawn Darden

Donneika Darden

12

You are instructed that in answering Question No. 8, you will be guided by the following explanations and instructions:

The word "damages," as used in Question No. 8, includes, and is limited to, the following elements. You will consider none other in answering the question.

1.    "Pecuniary Loss," which means the past or future loss of care, maintenance, support, service, advice, counsel, and reasonable contributions of pecuniary value, excluding any possible loss of inheritance, that the person that you are considering, in reasonable probability, would have received in the past, or would receive in the future, from Jermaine Darden had Jermaine Darden not died when he did.

2.    "Loss of Companionship and Society," which means the past or future loss of the positive benefits flowing from the love, comfort, companionship, and society that the person that you are considering, in reasonable probability, would have received in the past, or would receive in the future, from Jermaine Darden had Jermaine Darden not died when he did.

3.    "Mental Anguish," means the past or future emotional pain, torment, and suffering that the person that you are considering suffered in the past, or will suffer in the future, because of the death of Jermaine Darden.

ANSWER TO QUESTION NO. 8:

        Answer "Yes" or "No" as to each such person as you find from a preponderance of the evidence:

Harriet Darden      Yes  _____  or  No  _____

Daylin Darden       Yes  _____  or  No  _____

Dashawn Darden     Yes  _____  or  No  _____

Donneika Darden    Yes  _____  or  No  _____


CONDITION TO QUESTION NOS. 9-12:

If you have not answered "Yes" as to any person named in Question No. 8, you need not answer any of the Question Nos. 9-12, but, instead, you will go to and answer Question No. 13. Otherwise, you will answer the question or questions in Question Nos. 9-12 that match up to the person or persons as to whom you answered "Yes" in Question No. 8.

Explanations Pertinent to Question Nos. 9-12:

The next series of questions, Question Nos. 9-12, requires that you find from a preponderance of the evidence the amount of damage, if any, each of the persons named in Question No. 8 as to whom you have answer "Yes" has suffered as to each of the elements of damage mentioned in that question.

You are instructed that any monetary recovery by any of those persons for pecuniary loss is subject to federal income

14

taxes, and that any recovery by any of those persons for loss of society or companionship or mental anguish is not subject to federal income taxes.  You will not duplicate any amount in answer to any question that was included in your answer to any other question, nor will you include any amount that represents a funeral or burial expense.

CONDITION TO QUESTION NO. 9:

If you have answered "Yes" to Question No. 8 as to Harriet Darden, answer Question No. 9; otherwise, do not answer Question No. 9, but go to and answer Question No. 10.

QUESTION NO. 9:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably compensate Harriet Darden for her damages, if any, resulting from the death of Jermaine Darden?

    You will be guided by the following explanations
and instructions in answering Question No. 9:

    In determining the damages, if any, of Harriet
Darden, you may consider the health and life expectancy
of Jermaine Darden, the relationship between Jermaine
Darden and Harriet Darden, their living arrangements,
Jermaine Darden's occupation and earnings history, any
extended absences from one another, the harmony of
their family relations, and their common interests and
activities, if any.

15

Consider the elements of damage listed below, and none other. Those elements of damage are defined in the instructions and explanations in Question No. 8. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded the sum of money for the same loss, that is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

ANSWER TO QUESTION NO. 9:

Answer separately as to each element of damages, in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

    1.    Pecuniary Loss, if any, in the past and future: $_____.

    2.    Loss of Companionship and Society, if any, in the past and future: $_____.

    3.    Mental Anguish, if any, in the past and future: $_____.

CONDITION TO QUESTION NO. 10:

If you have answered "Yes" to Question No. 8 as to Daylin Darden, answer Question No. 10; otherwise, do not answer Question No. 10, but go to and answer Question No. 11.

QUESTION NO. 10:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably

16

compensate Daylin Darden for his damages, if any, resulting from the death of Jermaine Darden?

You will be guided by the following explanations and instructions in answering Question No. 10:

In determining the damages, if any, of Daylin Darden, you may consider the health and life expectancy of Jermaine Darden, the relationship between Jermaine Darden and Daylin Darden, their living arrangements, Jermaine Darden's occupation and earnings history, any extended absences from one another, the harmony of their family relations, and their common interests and activities, if any.

Consider the elements of damage listed below, and none other. Those elements of damage are defined in the instructions and explanations in Question No. 8. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded the sum of money for the same loss, that is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

ANSWER TO QUESTION NO. 10:

Answer separately as to each element of damages, in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

1.  Pecuniary Loss, if any, in the past and future: $_____.

2.  Loss of Companionship and Society, if any, in the past and future: $_____.

3.  Mental Anguish, if any, in the past and future: $_____.

17

CONDITION TO QUESTION NO. 11:

If you have answered "Yes" to Question No. 8 as to Dashawn Darden, answer Question No. 11; otherwise, do not answer Question No. 11, but go to and answer Question No. 12.

QUESTION NO. 11:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably compensate Dashawn Darden for his damages, if any, resulting from the death of Jermaine Darden?

You will be guided by the following explanations and instructions in answering Question No. 11:

In determining the damages, if any, of Dashawn Darden, you may consider the health and life expectancy of Jermaine Darden, the relationship between Jermaine Darden and Dashawn Darden, their living arrangements, Jermaine Darden's occupation and earnings history, any extended absences from one another, the harmony of their family relations, and their common interests and activities, if any.

Consider the elements of damage listed below, and none other. Those elements of damage are defined in the instructions and explanations in Question No. 8. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded the sum of money for the same loss, that is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

ANSWER TO QUESTION NO. 11:

Answer separately as to each element of damages, in dollars and cents, if any, or "None," as you find from a preponderance of the evidence.

    1.   Pecuniary Loss, if any, in the past and future:  $_____ .

    2.   Loss of Companionship and Society, if any, in the past and future:  $_____ .

    3.   Mental Anguish, if any, in the past and future:  $_____ .

CONDITION TO QUESTION NO. 12:

If you have answered "Yes" to Question No. 8 as to Donneika Darden, answer Question No. 12; otherwise, do not answer Question No. 12, but go to and answer Question No. 13.

QUESTION NO. 12:

Find from a preponderance of the evidence what sum of money, if any, if now paid in cash, would fairly and reasonably compensate Donneika Darden for her damages, if any, resulting from the death of Jermaine Darden?

    You will be guided by the following explanations and instructions in answering Question No. 12:

    In determining the damages, if any, of Donneika Darden, you may consider the health and life expectancy

of Jermaine Darden, the relationship between Jermaine
Darden and Donneika Darden, their living arrangements,
Jermaine Darden's occupation and earnings history, any
extended absences from one another, the harmony of
their family relations, and their common interests and
activities, if any.

Consider the elements of damage listed below, and
none other.  Those elements of damage are defined in
the instructions and explanations in Question No. 8.
Consider each element separately.  Do not award any sum
of money on any element if you have otherwise, under
some other element, awarded the sum of money for the
same loss, that is, do not compensate twice for the
same loss, if any.  Do not include interest on any
amount of damages you find.

<u>ANSWER TO QUESTION NO. 12</u>:

Answer separately as to each element of damages, in dollars

and cents, if any, or "None," as you find from a preponderance of

the evidence.

1.   Pecuniary Loss, if any, in the past and

future:  $_____.

2.   Loss of Companionship and Society, if any, in

the past and future:  $_____.

3.   Mental Anguish, if any, in the past and

future:  $_____.


<u>QUESTION NO. 13</u>:

Do you find from a preponderance of the evidence that

Jermaine Darden experienced physical pain or mental anguish

before his death as a direct result of the force, if any, used by W.F. Snow while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 1?

 You are instructed that in answering Question No. 13, you will be guided by the following explanations and instructions:

 You are instructed that the term "physical pain" means the conscious physical pain, if any, experienced by Jermaine Darden before his death as a direct result of the force, if any, used by W.F. Snow while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 1.

 You are instructed that the term "mental anguish" means the emotional pain, trauma, and suffering, if any, experienced by Jermaine Darden as a direct result of the force, if any, used by W.F. Snow while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 1.

 The fact that preexisting conditions suffered by Jermaine Darden contributed to cause him to experience physical pain or mental anguish before his death did not prevent the excessive force, if any, used by W.F. Snow from being the direct cause of such physical pain or mental anguish, if any, he suffered prior to his death, so long as you find from a preponderance of the evidence (1) that a reasonable police officer situated as W.F. Snow was at the time would have known of the existence and extent of those conditions, and (2) that such physical pain or mental anguish would not have occurred had W.F. Snow not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 13:

Answer "Yes" or "No" as you find from a preponderance of the evidence:

Yes _____

No _____


QUESTION NO. 14:

Do you find from a preponderance of the evidence that Jermaine Darden experienced physical pain or mental anguish before his death as a direct result of the force, if any, used by J. Romero while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 2?

You are instructed that in answering Question No. 14, you will be guided by the following explanations and instructions:

You are instructed that the term "physical pain" means the conscious physical pain, if any, experienced by Jermaine Darden before his death as a direct result of the force, if any, used by J. Romero while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 2.

You are instructed that the term "mental anguish" means the emotional pain, trauma, and suffering, if any, experienced by Jermaine Darden as a direct result of the force, if any, used by J. Romero while participating in the detention of Jermaine Darden, that you found was excessive in your answer to Question No. 2.

22

The fact that preexisting conditions suffered by Jermaine Darden contributed to cause him to experience physical pain or mental anguish before his death did not prevent the excessive force, if any, used by J. Romero from being the direct cause of such physical pain or mental anguish, if any, he suffered prior to his death, so long as you find from a preponderance of the evidence (1) that a reasonable police officer situated as J. Romero was at the time would have known of the existence and extent of those conditions, and (2) that such physical pain or mental anguish would not have occurred had J. Romero not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 14:

Answer "Yes" or "No" as you find from a preponderance of the evidence:

       Yes   \_\_\_\_\_

       No    \_\_\_\_\_

CONDITION TO QUESTION NO. 15:

If you have answered "Yes" to Question No. 13, answer Question No. 15; otherwise, do not answer Question No. 15, but go to and answer Question No. 16.

QUESTION NO. 15:

Find from a preponderance of the evidence what sum of money, if any, now paid in cash, would fairly and reasonably compensate the estate of Jermaine Darden for damages Jermaine Darden suffered prior to his death by reason of physical pain or mental anguish, if any, directly caused by the excessive force you have

23

found in your answer to Question No. 1 that W.F. Snow used as he was participating in the detention of Jermaine Darden.

You are instructed that in answering Question No. 15, you will be guided by the following explanations and instructions:

You will include in your answer to Question No. 15 only an amount you find from a preponderance of the evidence Jermaine Darden suffered as damages by reason of pain and mental anguish directly caused by excessiveness of the force you have found in your answer to Question No. 1 that W.F. Snow used as he was participating in the detention of Jermaine Darden. You will not include in your answer to Question No. 15 any amount for damages Jermaine Darden suffered prior to his death by reason of pain or mental anguish caused by any other police officer as Jermaine Darden was being detained.

The fact that preexisting conditions suffered by Jermaine Darden contributed to cause him to experience pain or mental anguish before his death did not prevent the force used by W.F. Snow from being a direct cause of such pain or mental anguish, if any, he suffered prior to his death, so long as you find from a preponderance of the evidence (1) that a reasonable police officer situated as W.F. Snow was at the time would have known of the existence and extent of those conditions, and (2) that such pain or mental anguish would not have occurred had W.F. Snow not used the excessive force, if any, he used as he was participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 15:

Answer separately in dollars and cents, if any, as to each element of damage, or "None," as you find from a preponderance of the evidence.

Physical Pain, if any: $_____.

Mental Anguish, if any: $_____.

24

CONDITION TO QUESTION NO. 16:

If you have answered "Yes" to Question No. 14, answer Question No. 16; otherwise, do not answer Question No. 16, but go to and answer Question No. 17.

QUESTION NO. 16:

Find from a preponderance of the evidence what sum of money, if any, now paid in cash, would fairly and reasonably compensate the estate of Jermaine Darden for damages Jermaine Darden suffered prior to his death by reason of physical pain or mental anguish, if any, directly caused by the excessive force you have found in your answer to Question No. 2 that J. Romero used as he was participating in the detention of Jermaine Darden.

You are instructed that in answering Question No. 16, you will be guided by the following explanations and instructions:

You will include in your answer to Question No. 16 only an amount you find from a preponderance of the evidence Jermaine Darden suffered as damages by reason of pain and mental anguish directly caused by excessiveness of the force you have found in your answer to Question No. 2 that J. Romero used as he was participating in the detention of Jermaine Darden. You will not include in your answer to Question No. 16 any amount for damages Jermaine Darden suffered prior to his death by reason of pain or mental anguish caused by the conduct of any other police officer as Jermaine Darden was being detained.

The fact that preexisting conditions suffered by Jermaine Darden contributed to cause him to experience

25

pain or mental anguish before his death did not prevent
the force used by J. Romero from being the direct cause
of such pain or mental anguish, if any, he suffered
prior to his death, so long as you find from a
preponderance of the evidence (1) that a reasonable
police officer situated as J. Romero was at the time
would have known of the existence and extent of those
conditions, and (2) that such pain or mental anguish
would not have occurred had J. Romero not used the
excessive force, if any, he used as he was
participating in the detention of Jermaine Darden.

ANSWER TO QUESTION NO. 16:

Answer separately in dollars and cents, if any, as to each

element of damage, or "None," as you find from a preponderance of

the evidence.

      Physical Pain, if any: $_____.

      Mental Anguish, if any: $_____.

CONDITION TO QUESTION NO. 17:

If you have answered Question No. 15 by a dollar amount as

to either element of damage, answer Question No. 17; otherwise,

do not answer Question No. 17, but go to and answer Question

No. 18.

QUESTION NO. 17:

Do you find by clear and convincing evidence that punitive

damages should be assessed against W.F. Snow and awarded to the

Estate of Jermaine Darden because of the harm Jermaine Darden

suffered by reason of the excessive force on the part of

W.F. Snow you have found in answer to Question No. 1?

You are instructed that in answering Question No. 17, you will be guided by the following explanations and instructions:

"Clear and Convincing Evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Punitive damages should be awarded only if a defendant's misconduct is so reprehensible as to warrant the imposition of extra sanctions against a defendant to achieve punishment or deterrence.

ANSWER TO QUESTION NO. 17:

Answer "Yes" or "No":

Yes _____

No _____

CONDITION TO QUESTION NO. 18:

If you have answered Question No. 17 "Yes," then answer Question No. 18; otherwise, go to and answer Question No. 19.

27

QUESTION NO. 18:

What sum of money, if any, should be assessed against W.F. Snow and awarded to the Estate of Jermaine Darden as punitive damages for the harm Jermaine Darden suffered by reason of the excessive force on the part of W.F. Snow you have found in answer to Question No. 1?

You are instructed that in answering Question No. 18, you will be guided by the following explanations and instructions:

You will take into account, and be guided by, the same explanations and instructions that are given you in the last paragraph of the explanations and instructions contained in the foregoing Question No. 17.

Factors to consider in awarding punitive damages, if any, are –

1.    The nature of the wrong, if any.

2.    The character of the conduct involved.

3.    The degree of culpability of W.F. Snow.

4.    The situation and sensibilities of the parties concerned.

5.    The extent to which such conduct of W.F. Snow offends a public sense of justice and propriety.

6.    The net worth of W.F. Snow.

ANSWER TO QUESTION NO. 18:

Answer in dollars and cents, if any, or "None."

Punitive Damages, if any:   $_____.

28

CONDITION TO QUESTION NO. 19:

If you have answered Question No. 16 by a dollar amount as to either element of damage, answer Question No. 19; otherwise, you will not answer any further questions.

QUESTION NO. 19:

Do you find by clear and convincing evidence that punitive damages should be assessed against J. Romero and awarded to the Estate of Jermaine Darden because of the harm Jermaine Darden suffered by reason of the excessive force on the part of J. Romero you have found in answer to Question No. 2?

You are instructed that in answering Question No. 19, you will be guided by the following explanations and instructions:

"Clear and Convincing Evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof to an absolute certainty is not required.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Punitive damages should be awarded only if a defendant's misconduct is so reprehensible as to warrant the imposition of extra sanctions against a defendant to achieve punishment or deterrence.

29

ANSWER TO QUESTION NO. 19:

Answer "Yes" or "No":

Yes _____

No _____

CONDITION TO QUESTION NO. 20:

If you have answered Question No. 19 "Yes," then go to and answer Question No. 20; otherwise, there are no more questions for you to answer.

QUESTION NO. 20:

What sum of money, if any, should be assessed against J. Romero and awarded to the Estate of Jermaine Darden as punitive damages for the harm Jermaine Darden suffered by reason of the excessive force on the part of J. Romero you have found in answer to Question No. 2?

You are instructed that in answering Question No. 20, you will be guided by the following explanations and instructions:

You will take into account, and be guided by, the same explanations and instructions that are given you in the last paragraph of the explanations and instructions contained in the foregoing Question No. 19.

Factors to consider in awarding punitive damages, if any, are –

1.   The nature of the wrong, if any.

2.   The character of the conduct involved.

30

3.    The degree of culpability of J. Romero.

4.    The situation and sensibilities of the parties concerned.

5.    The extent to which such conduct of J. Romero offends a public sense of justice and propriety.

6.    The net worth of J. Romero.

ANSWER TO QUESTION NO. 20:

Answer in dollars and cents, if any, or "None."

        Punitive Damages, if any:   $_____.


2/12/2020
——————————
Date

ACCEPTED:
2/12/20
——————————
Date

——————————————————
Foreperson

——————————————————
JOHN McBRYDE
United States District Judge

31