IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 12 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| ERIC C. DARDEN, AS ADMINISTRATOR OF THE ESTATE OF JERMAINE DARDEN, | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 4:15-CV-221-A |
| W.F. SNOW and J. ROMERO, | § § | |
| Defendants. | § § | |

### ORDER

The jury trial in the above-captioned action in which Eric C. Darden, as Administrator of the Estate of Jermaine Darden, is plaintiff, and W.F. Snow and J. Romero, are defendants, commenced the morning of February 10, 2020. On February 12, 2020, the jury, after having heard the evidence and statements and arguments of counsel, and having received legal instructions from the court, returned their verdict by answering "No" to each of the first two questions on the verdict form, which were worded as follows:

QUESTION NO. 1:

    Do you find from a preponderance of the evidence that while participating in the detention of Jermaine Darden defendant W.F. Snow used excessive force?

    . . . .

QUESTION NO. 2:

    Do you find from a preponderance of the evidence that while participating in the detention of Jermaine Darden defendant J. Romero used excessive force?

The jury did not answer any of the other questions in the verdict form based on the instructions given by the court in the condition that immediately followed the jury's answer of "No" to Question No. 2.

When the applicable law is applied to the facts of this case, the jury's "No" answers to Question Nos. 1 and 2 entitle defendants to a judgment denying any recovery to plaintiff or any of those on whose behalf plaintiff brought this action, consisting of the Estate of Jermaine Darden, Deceased, and the death statute beneficiaries, Harriet Darden, Daylin Darden, Dashawn Darden, and Donneika Darden, whose claims arise from the death of Jermaine Darden, Deceased.

Therefore,

The court ORDERS that neither plaintiff, nor anyone on whose behalf he brought this action, is entitled to any relief from either defendant, W.F. Snow or J. Romero, and that all claims and causes of action of plaintiff and of those on whose behalf he brought this action against W.F. Snow and J. Romero be, and are hereby, dismissed with prejudice.

The court further ORDERS that defendants, and each of them, recover from plaintiff all costs of court incurred by defendants in this action.

SIGNED February 12, 2020.

_____
JOHN McBRYDE
United States District Judge