**FILED**
**June 23, 2021**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 1, 2021
Lyle W. Cayce
Clerk

No. 20-10296
Summary Calendar

---

ERIC C. DARDEN, *as Administrator of the Estate of Jermaine Darden and on behalf of the statutory beneficiaries of the Estate of Jermaine Darden (which are Donneika Goodacre-Darden, surviving mother of Jermaine Darden, Charles H. Darden, surviving father of Jermaine Darden)*,

*Plaintiff—Appellant*,

versus

W. F. SNOW; J. ROMERO,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-221-A

---

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

GREGG COSTA, *Circuit Judge*:*

After we held that summary judgment was not warranted in this excessive force case, *Darden v. City of Fort Worth*, 880 F.3d 722 (5th Cir.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10296

2018), a jury returned a defense verdict. The plaintiff's sole argument on appeal is that parties are "*constitutionally entitled* to voir dire the venirepersons." He argues that his counsel's inability to question the panel impacted his ability to prove that one of the defense's peremptory strikes violated *Batson v. Kentucky*, 476 U.S. 79 (1986). Because no authority creates a constitutional right to attorney-led voir dire, we affirm.

I.

Once this case was set for trial, the district court issued an order detailing its trial procedures. Rule 3 states:

> Jury Voir Dire: The court conducts the voir dire. Only for special reasons will the court allow attorneys to conduct additional voir dire. If additional attorney voir dire is permitted, it shall be strictly the asking of appropriate questions. None of the attorney questions will be argumentative. The attorney will not make any statement or give any explanation to the jury—the attorney simply is to ask questions, nothing else.
>
> Attorneys are authorized to provide the court suggested questions to be used by the court in conducting the voir dire.

Neither party objected to any of the procedures, and both parties submitted proposed voir dire questions.

During the court-led voir dire, one of the panelists remarked that she was familiar with the case because she read something about it on social media but that she did not have detailed knowledge of the case. She also mentioned that she believed she went to high school with the victim and that although he was not a friend, they were acquaintances on social media. The panelist assured the court that she could be fair and impartial despite these connections to the victim. Given her placement in the panel, she was the last

2

No. 20-10296

African American eligible for selection. The defendants used one of their peremptory challenges to strike her.

Plaintiff raised a *Batson* challenge to the strike. After some discussion at the bench, the district court denied the challenge. It found that the defense provided race-neutral explanations for the strike—that the panelist was an acquaintance of the victim, was slow to answer when asked if she could be impartial, and had followed the case on social media.

## II.

Plaintiff does not challenge the district court's rejection of the *Batson* challenge given the voir dire record. Rather, he argues that he had a right to have his counsel make a more robust record by questioning the struck venire member. He contends that counsel should have been able to question both the panel generally and then to question specific panel members after they were struck. The idea, apparently, is that the lawyer could have questioned the struck juror and eliminated the defense's race-neutral justifications by showing that her connections to the victim and case were not significant or likely to influence her. Plaintiff asserts that the refusal to allow attorney questioning of the venire is "*per se* reversible error, even without a showing of harm."

A trial court enjoys broad discretion in how it selects a jury. *United States v. Landrón-Class*, 696 F.3d 62, 68 (5th Cir. 2012). The Federal Rules of Civil Procedure state that "[t]he court may permit the parties or their attorneys to examine prospective jurors or may itself do so." Fed. R. Civ. P. 47(a); *see also id.* ("If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or

3

No. 20-10296

must itself ask any of their additional questions it considers proper.").[1] Consistent with the option the rule provides, it has long been the practice in many federal courts for judges to conduct the questioning. *See United States v. Ledee*, 549 F.2d 990, 993 (5th Cir. 1977); *see also* Lewis O. Unglesby, *"Speaking the Truth" About Attorney Voir Dire*, 62 La. B.J. 90, 92 (2014) (explaining the shift, starting in the 1920s, that has led to most federal judges conducting the voir dire). Although there is much debate about whether court-led or attorney-led voir dire is preferable, we see nothing establishing a constitutional right to the latter.

Plaintiff cites no case or other authority saying, or even suggesting, that it is unconstitutional for a judge to question the venire. Nor does he identify which constitutional provision is the source of the supposed right to have attorneys question the panel.[2] And a right to ask a panelist questions *after* she was struck is incompatible with the focus of *Batson*—and any inquiry into intent—on what the lawyer knew when exercising the strike. *See Miller-El v. Dretke*, 545 U.S. 231, 241–52 (2005) (applying comparative juror analysis that looks at the answers given by panel members of different races to determine whether race-neutral reasons were pretextual); *see also United States v. Collins*, 972 F.2d 1385, 1402 n.30 (5th Cir. 1992) ("In determining

---

[1] Plaintiff's counsel did not try to follow up on the court's questioning of the relevant panelist before she was struck.

[2] In criminal cases, a defendant's Sixth Amendment "right to an impartial jury includes the right to an adequate voir dire to identify unqualified jurors." *United States v. Beckner*, 69 F.3d 1290, 1291 (5th Cir. 1995) (citing *Morgan v. Illinois*, 504 U.S. 719, 729–30 (1992)). But even in the criminal context, we are aware of no case saying there is a right to have the attorney ask the questions. *See* Fed. R. Crim. P. 24(a)(1) ("The court may examine prospective jurors or may permit the attorneys for the parties to do so."); *id.* 24(a)(2) (explaining that if the court conducts voir dire, then the judge must allow the attorneys to ask follow-up questions or to submit follow-up questions the judge will ask).

No. 20-10296

whether the government discriminated against black potential jurors, the focus is on the responses the stricken jurors actually gave during voir dire, not on responses they might have given had they been asked additional questions.").

\* \* \*

We AFFIRM the judgment of the district court.